NEW-YORK,
May, 1810.

BISBEE
v.
MANSFIELD.

Where the corporation of the city of *Albany* ordered a certain road, within the bounds of the city, to be shut up, and A. pursuant to such order, as their servant or agent, shut up the road; it was held, that the city of *Albany* was not within the act to regulate highways; (24 sess. c. 86.) and the corporation, by the charter, being invested with the powers of commissioners of highways to regulate streets, and highways, and having acted as their servant, he was not liable for the penalty given by the act relative to highways, for obstructing the road.

### BISBEE *against* MANSFIELD.

IN error on *certiorari*. *Mansfield* sued *Bisbee*, before a justice in the town of *Watervliet*, in the county of *Albany*, for the penalty of 5 dollars, given by the statute, (24 sess. c. 86. s. 19.) for *obstructing the public highway*, on the *Consaulus* road, and which had been used and occupied as such for 40 years.

It was proved that the *Consaulus* road had been an open road, and used as a public highway, for more than 40 years, and was worked 35 years ago, by the commissioners of highways; that the corporation, by a resolution of the common council, of the 7th *November*, 1808, authorized the said road to be closed; and that the defendant, as their servant, did close it.

The road was within the bounds of the city of *Albany*, and leading to it. The corporation of *Albany*, are by law commissioners of highways; and, by charter, they are authorized to establish, lay out, and mend all highways, &c.

The justice gave judgment for the plaintiff, for the amount of the penalty.

*Henry*, for the plaintiff in error.

*Sudam*, contra.

*Per Curiam.* There is no statute authorizing persons, by the name of commissioners of highways, to be chosen within the city of *Albany*. The charter of the city invested the corporation with the power of commissioners of highways, when it gave them authority " to establish, appoint, order, and direct the establishing, making, laying out, ordering, amending and repairing of all streets, *highways*, &c. in and throughout the said city, or leading to

the same." The corporation, by a resolution of the common council, did authorize the road in question to be stopped, and the defendant below was in the employment of the corporation, when he made the obstruction complained of, and he assumed to do it in pursuance of their order. The presumption is irresistible, that he did it by virtue of, that resolution, and therefore he was not responsible. If any person conceived himself aggrieved by the resolution under which the defendant acted, he ought to have made his appeal to the judges of the court of common pleas. If there was any remedy against the resolution that was the one to be pursued. The judgment below ought, therefore, to be reversed.