## The State v. Clarke.

1. If the charter of a city confers on the municipal government the right to lay out streets and highways within its chartered limits in a manner different from the mode prescribed by the general law of the state, this power is exclusive, and it repeals or suspends the state law within the limits of the city.

2. Where a general law and a law which applies only ·o a limited dis rict, as a ci y, come in conflict, the general law yields to the special, and this wi h-out regard o i s being posterior in date, for a general regulation of any sub-jec: ma ·er, as the assessment of taxes or laying ou· of roads, will not change or repeal by implica ion ·he powers before conferred on par icular municipali ies; such repeal mus be made by express words.

This was a *certiorari* removing into this court the proceedings of the Court of Common Pleas in the county of Middlesex, appointing surveyors to lay out a road within the limits of the city of New Brunswick, and the proceedings of surveyors laying out the road. The only question raised was the jurisdiction of the Common Pleas, for that purpose, within the city limits.

The case was argued before the CHIEF JUSTICE and Justice POTTS, by *Schenck*, for plaintiff in *certiorari*, and by *Nevius*, for defendant.

THE CHIEF JUSTICE. The *certiorari* removes the proceedings in matter of a highway.

The road laid out is within the chartered limits of the city of New Brunswick. It was laid out by surveyors of the highways under the provisions of the general road act.

The charter of the city confers upon the common council the power of laying out and opening any street, road, or highway in any part of the city. It prescribes the agents by· whom, and the method in which, the power shall be exercised. It is, in many of its material provisions, inconsistent with and repugnant to the terms of the general law. Both clearly cannot be exercised within the same territorial limits. The present city charter is

later in point of time than the general law, and consequently, so far as they are repugnant, the later law repeals the former.

But irrespective of the dates of the respective laws, the general law cannot prevail within the corporate limits of the city. The charter of the city confers upon its inhabitants the special franchise of making its own laws in regard to the opening of streets within its territorial limits. So far as it extends it is a grant of sovereignty, a delegation of a part of the sovereign power of making laws. It is, in its essential character, exclusive. Doubtless the legislature may, at its pleasure, revoke the power or limit its exercise. It may repeal the charter or extend the operation of general laws, by express terms, over the city; but until that is done, while the power of legislation upon a given subject remains in the city government, and is exercised in accordance with the charter, those laws must prevail to the exclusion of the general laws of the state, where they are inconsistent or repugnant.

The well settled rule of construction where contrary laws come in question is, that the law general must yield to the law special. *Noy's Maxims* 19.

The principle has been repeatedly recognised in this court. In *The State* v. *Branin* 3 *Zab.* 485, it was expressly decided that a general statute repealing all acts contrary to its provisions would not repeal the ordinances in any municipal corporation upon the same subject matter, and that the power of assessing and collecting taxes, in such mode as the common council shall by ordinance direct, confers upon the council exclusive jurisdiction over the whole subject of taxation for city purposes.

The same principle in regard to the control of highways has been recognised by the supreme courts of Massachusetts and New York. *Goddard's case*, 16 *Pick.* 504; *Bisbee* v. *Mansfield*, 6 *Johns.* 84.

The proceedings must be set aside.

POTTS, J. The *certiorari* in this case is brought to set aside the return of surveyors of highways, laying out a public road in North Brunswick, in the county of Middle-t 'x.

The road laid out is within the chartered limits of the city of New Brunswick, and the first error assigned is, that by the charter of that city, the common council have *exclusive* jurisdiction in the laying out and opening of all roads or streets within said limits.

The 27th section of the charter (*Pamph. L.* 1849, *p.* 77,) enacts that it shall be lawful for the common · council to lay out and open any street, road, or highway in any part of said city ; and the act goes on, in this and several succeeding sections, to provide the mode of proceeding in such cases, which differs in many respects from that prescribed in the act concerning roads. The council is to give notice to the land owners of their intention to take the land ; treat with them for it : if they cannot agree, five freeholders, taken from the different wards, are to be appointed commissioners to assess the damage the owners will sustain, in doing which they are to have regard as well to the value of the land to be taken, as to the injury or benefit of the owners by laying out the street or road. The damages are to be assessed among the owners and occupants of all the houses and lots intended to be benefited by the street or road in proportion to the advantages they may severally acquire. If not collected and paid, the parties to whom damages are assessed may recover the same by suit against the corporation.

Among the points of difference between the provisions of this act and the act concerning roads are—1. That here the council have the absolute power of laying out and opening streets and roads, while under the road act the power is exercised by surveyors appointed on application to the Common Pleas, subject to be reviewed by chosen freeholders. 2. The damages are assessed upon a different

principle from that prescribed in the road act; and 3, these damages are required to be paid by different parties.

The acts, in almost all their essential features, are repugnant to each other, so far as the laying out and opening of public roads is concerned, and where that is the case the later act, by necessary implication, supersedes so much of the former act as is repugnant to it within the territorial limits to which the later act applies, for provisions of different statutes which conflict with each other cannot stand together. 1 *Kent's Com.* 466, *note (b.)*; *Den* v. *Pine,* 4 *Wash. C. C. R.* 695; *Davies* v. *Fairhaven,* 3 *Howard* 636.

I am, therefore, of opinion that the first error is well assigned, and that the return of the surveyors must be set aside; and this renders it unnecessary to look into the other questions raised.

CITED in *Stonington Sav. Bank* v. *Davis,* 1 *McCar.* 290; *State* v. *Mayor, &c., of Morristown,* 4 *Vr.* 61; *State* v. *Kelly,* 5 *Vr.* 78; *McGavisk* v. *M. & E. R. R. Co.,* 5 *Vr.* 511: *State* v. *Common Council of Trenton,* 7 *Vr.* 201; *State* v. *Comrs. of R. R. Taxation,* 8 *Vr.* 233; *Freeholders of Atlantic* v. *Tilton,* 10 *Vr.* 607.